**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

OLARIO MITCHELL-PALACIO,

     Petitioner,

   v.

FCI FORT DIX (WARDEN),

     Respondent.

Civil Action No. 24-9831 (KMW)

**OPINION**

**WILLIAMS**, District Judge:

 This matter comes before the Court on the habeas petition filed by Petitioner Olario Mitchell-Palacio pursuant to 28 U.S.C. § 2241. (ECF No. 1). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), this Court is required to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice.

I.   **BACKGROUND**

 Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix. (ECF No. 1 at 2.) Currently, Petitioner has been rendered eligible to earn credits under the First Step Act, and has accrued a number of credits pursuant to the Act despite being subject to an immigration detainer. (*Id.* at 3, 9.) Petitioner, however, fears that he will be deprived of these credits by the BOP should a final order of removal be entered against him as he is aware of many

other inmates who have been unable to apply their credits following a removal order.  (*Id.* at 3-9.)
Therefore, Petitioner requests a pre-emptive order enjoining the BOP from removing credits from
him should he receive a removal order.  (*Id.*)

II.    <u>**LEGAL STANDARD**</u>

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is
in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §
2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody"
and the custody is allegedly "in violation of the Constitution or laws or treaties of the United
States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Pursuant to Rule 4
of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule
1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence
and determine whether it "plainly appears from the petition and any attached exhibits that the
petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss
summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*,
512 U.S. 849, 856 (1994).

III.    <u>**DISCUSSION**</u>

In his current petition, Petitioner seeks to enjoin the BOP from preventing him from
applying his earned FSA credits in the event that he receives a final order of removal from federal
immigration authorities.  Petitioner bases this request on his belief that he has a vested interest in
those credits which is subject to protection under both the Due Process Clause and his right to
Equal Protection.  The inherent flaw in Petitioner's argument, however, is that the very credits he
seeks to protect – those granted by the First Step Act – are inherently contingent on Petitioner not

receiving a final order of removal.  While the Act provides inmates who engage in recidivism reduction training an opportunity to obtain credits to apply towards their early release, the statute explicitly states that a prisoner "is ineligible to apply time credits [to reduce his sentence] if the prisoner is the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i).  The statute thus bars any inmate who is subject to a final order of removal from receiving FSA credits or applying any previously earned credits towards early supervised release.  *See, e.g., Gonzalez-Garcia v. FCI Berlin, Warden*, No. 23-91, 2023 WL 3020872, at *2 (D.N.H. Apr. 20, 2023).  Thus, if Petitioner does receive a final order of removal, the BOP has no choice but to deprive him of the ability to apply his First Step Act credits towards early supervised release, and this Court has no authority to enjoin the operation of the statute.  Any Due Process or Equal Protection[1] rights Petitioner may have in relation to his FSA credits is contingent on the lack of a final removal order, and he has no right to retain the ability to apply those credits should he receive a final order of removal.  This Court thus cannot enjoin the BOP from following the dictates of the very statute that provides Petitioner with the benefits he seeks to protect – his earned FSA credits are subject to the statutory limitation that he will be unable to apply them should the Government secure a final removal order against him.  Petitioner's request for an injunction is thus without merit and must be dismissed as such.

---

[1] Although Petitioner raises the Equal Protection Clause, that clause really does not apply in this context as Petitioner has not identified any similarly situated individual who is being treated differently – indeed, he states that all the inmates he knows who receive final orders of removal are losing the ability to apply their credits – and aliens subject to removal orders are in any event not a protected class under the clause. *See, e.g., Plyler v. Doe*, 457 U.S. 202, 223 (1982) (finding that "[u]ndocumented aliens cannot be treated as a suspect class" for equal protection purposes as "their presence in this country in violation of federal law is not a "constitutional irrelevancy"); *Matthews v. Diaz*, 426 U.S. 67, 77 (1976) (holding that Congress may lawfully distinguish between citizens and aliens in its provision of benefits).

Even were this not the case, this Court would still be required to dismiss this petition as Petitioner's current fear is entirely speculative at this point and he has yet to suffer a concrete injury. As Petitioner readily admits, he is currently accruing and can apply credits towards his early supervised release, and his current petition is based only on his fear that this may change if the Government pursues removal proceedings against him before his release. In order to have standing in a habeas matter such as this, a Petitioner must present a challenge to the execution of his sentence premised on a concrete and particularized, actual or imminent, injury in fact. *See Stanko v. Obama*, 393 F. App'x 849, 851 (3d Cir. 2010). Petitioner does not have an actual or imminent injury; he merely speculates that one will come in the event that the Government initiates and pursues removal proceedings against him. Because that assertion rests solely on Petitioner's fears and speculations, he has not alleged a concrete, imminent injury in fact. His habeas petition for that reason must also be dismissed as premature.

Finally, the Court notes that Petitioner admits he did not seek any administrative relief before filing his current habeas petition. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Here, Petitioner understandably did not seek to exhaust before filing his habeas petition as he has yet to suffer an

actual or imminent injury. Because Petitioner has not shown any basis to avoid the exhaustion requirement other than the speculative nature of his current claims, this Court could not grant him relief in any event. Petitioner's habeas petition will therefore be dismissed as it is premature, unexhausted, and in any event without merit.

## IV.   <u>CONCLUSION</u>

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**. An order consistent with this Opinion will be entered.

*Karen M. Williams*
Hon. Karen M. Williams,
United States District Judge